**Xiang Jie CHEN, Petitioner,**

**v.**

Alberto R. GONZALES,* United States Attorney General Respondent.

No. 03–4928–AG.

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, ME, for Respondent.

Present: LEVAL, STRAUB, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Xiang Jie Chen, a citizen and national of China, petitions for review of the BIA's April 24, 2003, decision affirming the decision of an Immigration Judge ("IJ") that rejected Chen's claims for asylum and withholding of removal under 8 U.S.C.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Sections 1158(a) and 1231(b)(3). Chen alleges that Chinese officials beat and fined him, threatened him with sterilization, and forced his wife to undergo an abortion, all due to the couple's resistance to China's family planning policy. The IJ denied the claims because he found Chen not to be credible. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the IJ's and BIA's factual findings under the substantial evidence standard, overturning them only if a reasonable fact finder would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000). In addition, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312.

■ In Chen's case, the IJ reasoned that there was a "direct conflict" between a doctor's letter and Chen's testimony about his wife's IUD falling out. Similarly, the BIA states that the letter "contradicts" Chen's testimony. The IJ's and BIA's statements are inaccurate. Because the doctor's letter discusses Chinese IUD's *generally* and does not state that it is impossible for any Chinese IUD to become dislodged, it does not "directly" conflict with or "contradict" Chen's testimony that *his* wife's IUD fell out. As Chen points out, the language quoted by the BIA merely states that *"some* [Chinese] IUDs are very difficult to remove and almost impossible to do so [outside of an operating room]" (emphasis added).

■ The only other basis for the adverse credibility finding is a discrepancy regarding how Chen obtained a birth certificate he offered into evidence. The IJ and BIA both reason that Chen's testimony about personally obtaining the certificate conflicts with the account provided the Asylum Officer who interviewed Chen. The Asylum Officer recounts Chen stating that a friend obtained the birth certificate through bribery. In the absence of any other inconsistency, however, this minor, isolated discrepancy is not enough to support the adverse credibility finding. *See Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000).

Because the adverse credibility finding is not supported by substantial evidence in the record, we vacate the BIA's decision and remand to the BIA for a determination of whether Chen is eligible for asylum, treating his testimony as credible. The pending motion for a stay of removal is denied as mool.